Sidney Squibb, J.
These are claims for (1) personal injuries of the infant claimant William Collins (Claim No. 36593) and (2) the boy’s loss of services and medical expenditures by his mother, Sally Collins (Claim No. 36592).
On April 29, 1959 the two claims were filed in the office of the Clerk of this court and copies thereof served on the Attorney-General.
The claimant mother was appointed guardian ad litem of her infant son by a court order dated December 12,1957 and filed on December 15, 1957.
On Friday, November 29, 1957 at about 1:30 p.m., when this infant was 12 years old, he and three other young men visited the State Education Building located on Washington Avenue “below Swan Street” in the City of Albany, State of New York.
After viewing the prehistoric elephant exhibition, the four boys proceeded to leave the building. After one of his friends had used a revolving door to get outside, this infant entered the same revolving door which operated counter clockwise. As he pushed the revolving door in front of him, his left foot was caught between one of its leaves and the side. His friends then pushed the door forward, releasing William’s damaged foot. He was carried down the stairs in front of the building. At that time one of the guards came outside and spoke with the boys. The infant claimant declined first aid by a nurse and his friends took him home.
William’s left ankle was painful. His mother brought him to the Albany Hospital where a cloth cast was put on his ankle. He was given crutches and returned to his home.
The ankle continued to pain him. The next morning, he was again taken to the same hospital where his left ankle was examined by Dr. John W. Ghormley who performed surgery later that day and fixed the young man’s left ankle in a cast from below the knee to his big toe. The boy remained in the hospital for three more days. The cast was removed on January 3,1958.
*168 The day after the young man returned home he resumed his attendance at school by using a taxicab to and from his home. During this time he used crutches which were discarded about two weeks after the removal of the cast. For about three months after his injury, the boy could not participate in his regular gym classes at school.
As a result of the accident herein, the infant claimant sustained ‘1 a slight soft tissue swelling over the medial malleous and associated gapping in the distal epiphseal line immediately on the left side, suggesting partial traumatic separation.” He was partially disabled for about two months. His lower left extremity is and will be permanently lengthened three eighths of an inch.
The boy discontinued Dr. Ghormley’s services on January 20, 1958. The reasonable value of said medical attention including surgery, was $223.
The revolving door as it existed at the time of the occurrence herein, was not one of inherent danger. Claimants’ attempted proof concerning the mechanical condition thereof was insufficient.
There is no credible proof that the defendant had constructed, created or maintained a dangerous condition. Nor was there adequate proof of an improper, inadequate or unsatisfactory design of the revolving door. It cannot be concluded that the said door was defective at the time of the occurrence.
Neither of the claimants established any negligence on the part of the defendant. The latter’s two motions to dismiss the causes of action (on which decisions were reserved during trial), are now granted. The State is entitled to judgment dismissing each of the claims.